Forrest A. Hainline III (SBN 64166)
*fhainline@goodwinlaw.com*
**GOODWIN PROCTER LLP**
Three Embarcadero Center, 24th Floor
San Francisco, California 94111
Tel.: +1 415 733 6000
Fax.: +1 415 677 9041

Ira J. Levy (*pro hac vice* pending)
*ilevy@goodwinlaw.com*
Cindy Chang (*pro hac vice* pending)
*cindychang@goodwinlaw.com*
**GOODWIN PROCTER LLP**
The New York Times Building
620 8th Avenue
New York, NY 10018
Tel.: +1 212 813 8800
Fax: +1 212 355 3333

Attorneys for Plaintiff
CLEARPATH ROBOTICS, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEARPATH ROBOTICS, INC., | Case No. 3:16-cv-04891 |
| Plaintiff, | **COMPLAINT FOR TRADEMARK INFRINGEMENT UNDER LANHAM ACT** |
| v. | |
| OTTOMOTTO LLC, | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

1    For its complaint against Defendant Ottomotto LLC, ("Ottomotto"), Plaintiff Clearpath

2    Robotics, Inc. (hereinafter "Clearpath") alleges as follows:

3                                    **NATURE OF ACTION**

4    1.    This is an action for infringement of Plaintiff's trademark, "OTTO," and unfair

5    competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and unfair competition

6    and false advertising under the laws of the State of California (Cal. Bus. & Prof. Code §§ 17200

7    and 17500), all arising from Defendant's unauthorized use of the mark "OTTO" and

8    "OTTOMOTTO" in connection with the marketing, advertising, promotion, offering for sale

9    and/or sale of Defendant's self-driving vehicles.

10                                        **PARTIES**

11   2.    Plaintiff Clearpath Robotics, Inc., is organized under the laws of Canada, with a

12   principal place of business at 1425 Strasburg Rd. Suite 2A Kitchener, ON N2R 1H2.

13   3.    Upon information and belief, Defendant Ottomotto LLC (hereinafter "Defendant")

14   is organized under the laws of Delaware, with its principal place of business at 737 Harrison St.,

15   San Francisco, California  94107.

16   4.    Upon information and belief, Defendant does business as "Otto" in the field of self-

17   driving vehicles.  Upon information and belief, non-party Uber Technologies, Inc. announced on

18   August 18, 2016, that it would acquire Ottomotto, describing it as "Otto, a 90-plus person

19   technology startup whose mission is to rethink transportation, starting with self-driving trucks."[1]

20                              **JURISDICTION AND VENUE**

21   5.    This Court has jurisdiction over the subject matter of this action pursuant to

22   15 U.S.C. § 1125 and 28 U.S.C. §§ 1331, 1338, and 1367.

23   6.    Personal jurisdiction over Defendant in this district is proper because, upon

24   information and belief, Defendant is headquartered in this judicial district.

25   7.    Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b) and (c).

26

27

28   [1] *See* Travis Kalanick, *Rethinking Transportation*, UBER NEWSROOM,
     https://newsroom.uber.com/rethinking-transportation/   (last updated August 18, 2016).

COMPLAINT FOR TRADEMARK INFRINGEMENT            CASE NO. 3:16-CV-04891

**BACKGROUND AND ALLEGATIONS COMMON TO ALL COUNTS**

8.      Plaintiff Clearpath Robotics is one of North America's leading robotics companies, with a global customer base of installed robots.  One of Plaintiff's most significant initiatives is its OTTO Motors division.  Announced at the RoboBusiness 2015 conference in San Jose, California,[2] OTTO is the first self-driving warehouse robot.  OTTO is designed for intelligent heavy-load transport in industrial environments.

9.      Since the introduction of the OTTO mark in September of 2015, Plaintiff, both directly and through its division, OTTO Motors, has used the OTTO trademark continuously in commerce.  Plaintiff has also made a considerable investment in establishing, developing, and promoting its trademark through various media and marketing materials. *See, e.g.,* https://www.ottomotors.com.

10.     Plaintiff is also expanding the use of OTTO, and in March of this year introduced OTTO 100, designed for autonomous light-load material transport in factories and warehouses. This is a complement to OTTO 1500, which is designed for heavy-load material transport. Taken together, it is clear that Plaintiff has developed substantial and expanding goodwill in the OTTO brand.

11.     Plaintiff has also filed a federal trademark application for OTTO.  This application was filed on February 19, 2016, and claims priority from Plaintiff's Canadian trademark application, which was filed on September 18, 2015.  Plaintiff's OTTO trademark application claims goods and services including, but not limited to, "autonomous mobile robots and fleets thereof used for land, … warehousing, logistics and manufacturing fields; … providing in-house and on-site integration of the autonomy platform and fleets and components thereof…" and so on.

12.     Upon information and belief, on March 6, 2016, Defendant attempted to register OTTO as a trademark for, among other things, goods and services in the field of vehicle robotics/self-driving vehicles, which directly compete with and are complementary to those offered under Plaintiff's OTTO mark.

---

[2] RoboBusiness is an international business-focused robotics conference that has been running for 12 years. *See* http://www.robobusiness.com/about/.

COMPLAINT FOR TRADEMARK INFRINGEMENT                    CASE NO. 3:16-CV-04891

13.     As can be seen from the photos below, the marks as used in commerce by Defendant are highly similar, if not identical, to Plaintiff's mark.





14.     Due to the highly similar nature of the marks, Plaintiff has already received misdirected inquiries from (1) the press, including a contact requesting that someone from Clearpath participate on Sirius XM's trucking channel to discuss "Otto self-driving trucks," as a result of a "recent article"; (2) potential customers have communicated interest in outfitting a tractor trailer with "OTTO," and (3) Plaintiff's current customers, referencing the May 2016 Wired story on Defendant's Otto, inquired if the trucking system is related to products offered by Plaintiff.  Since the announcement of the impending acquisition of Defendant by non-party Uber, Plaintiff has also received numerous additional inquiries evidencing actual confusion.

15.     Plaintiff has placed Defendant on notice of Plaintiff's claim of rights to the OTTO trademark.

COMPLAINT FOR TRADEMARK INFRINGEMENT          CASE NO. 3:16-CV-04891

**COUNT I:**

**FEDERAL TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**

16.     Plaintiff incorporates and re-alleges each of the allegations set forth above as though fully set forth herein.

17.     Defendant's unauthorized use of the OTTO and OTTOMOTTO marks as alleged herein constitute misleading description and representation of fact.

18.     Upon information and belief, from at least January 15, 2016, Defendant's conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Defendant with Plaintiff.

19.     Defendant's conduct as alleged herein constitutes trademark infringement and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

20.     Plaintiff is entitled to, among other relief, an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116 and 1117, together with prejudgment and post-judgment interest.

**COUNT II:**

**UNFAIR COMPETITION AND FALSE ADVERTISING UNDER CALIFORNIA LAW**

21.     Plaintiff incorporates and re-alleges each of the allegations set forth above as though fully set forth herein.

22.     Defendant has  committed and continues to commit an unlawful, unfair or fraudulent business act or practice in violation of Cal. Bus. & Prof. Code § 17200.

23.     Defendant engaged and continues to engage in unfair, deceptive, untrue or misleading advertising within the meaning of Cal. Bus. & Prof. Code §§ 17200 and 17500.

24.     Plaintiff is entitled to, among other relief, an award of actual damages according to the laws of California.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays that:

COMPLAINT FOR TRADEMARK INFRINGEMENT                    CASE NO. 3:16-CV-04891

1.      The Court finds that Plaintiff owns a valid and subsisting trademark.

2.      Defendant be held liable for each count as set forth in this Complaint.

3.      The Court preliminarily during the pendency of this matter, and thereafter permanently, enjoin Defendant, its parents, subsidiaries and affiliated companies, and successors in interest, their respective agents, officers, servants, employees, dealers, licensees, and attorneys, and all those in active concert or participation with them from using the OTTO mark, or any colorable variant thereof including without limit OTTOMOTTO, or any mark confusingly similar thereof, and from using, affixing, offering for sale, advertising, or promoting self-driving vehicles or related technology under the OTTO or OTTOMOTTO marks, or any other mark confusingly similar to or dilutive of Plaintiff's OTTO mark.

4.      The Court preliminarily during the pendency of this matter, and thereafter permanently, enjoin Defendant, its parents, subsidiaries and affiliated companies, and successors in interest, their respective agents, officers, servants, employees, dealers, licensees, and attorneys, and all those in active concert or participation with them from engaging in any false descriptions or representations, or any false designation of origin, or from otherwise committing any acts of unfair competition in connection with Plaintiff's OTTO mark.

5.      The Court enter judgment that Defendant has infringed Plaintiff's OTTO mark in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

6.      The Court enter judgment that Defendant has violated Cal. Bus. & Prof. Code §§ 17200 and 17500.

7.      The Court issue an order directing Defendant to formally abandon with prejudice any and all of its applications to register the OTTO mark or any mark consisting of, incorporating or containing Plaintiff's OTTO mark or any counterfeit, copy, confusingly similar variation or colorable imitation thereof on any state or federal trademark registry.

8.      The Court award Plaintiff an amount up to three times the amount of its actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

9.    The Court direct that Defendant account to and pay over to Plaintiff all profits realized by its wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), enhanced as appropriate to compensate Plaintiff for the damages caused thereby.

10.    The Court award Plaintiff damages in an amount sufficient to compensate it for the damage caused by Defendant's unfair competition and false advertising in violation of Cal. Bus. & Prof. Code §§ 17200 and 17500.

11.    The Court award Plaintiff punitive and exemplary damages as the Court finds appropriate to deter any future willful infringement.

12.    The Court declare that this is an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding Plaintiff its costs and reasonable attorneys' fees thereunder (15 U.S.C. § 1117(a)).

13.    The Court award Plaintiff interest, including prejudgment and post-judgment interest, on the foregoing sums.

14.    The Court award such other and further relief as the Court deems just and proper.

Dated: August 24, 2016                    Respectfully submitted,

                                          By: /s/ Forrest A. Hainline III
                                              Forrest A. Hainline III
                                              **GOODWIN PROCTER LLP**
                                              Three Embarcadero Center, 24th Floor
                                              San Francisco, California 94111
                                              Tel.: +1 415 733 6000
                                              Fax: +1 415 677 9041

                                              Ira J. Levy (*pro hac vice* pending)
                                              Cindy Chang (*pro hac vice* pending)
                                              **GOODWIN PROCTER LLP**
                                              The New York Times Building
                                              620 8th Avenue
                                              New York, NY 10018
                                              Tel.: +1 212 813 8800
                                              Fax: +1 212 355 3333

                                              *Attorneys for Plaintiff*
                                              *CLEARPATH ROBOTICS, INC.*

1

## DEMAND FOR JURY TRIAL

2

Plaintiff hereby demands a trial by jury on all issues properly triable by jury.

3

4      Dated: August 24, 2016                    Respectfully submitted,

5

6                                               By: /s/ Forrest A. Hainline III
                                                    Forrest A. Hainline III
                                                    **GOODWIN PROCTER LLP**
7                                                   Three Embarcadero Center, 24th Floor
                                                    San Francisco, California 94111
8                                                   Tel.: +1 415 733 6000
                                                    Fax.: +1 415 677 9041

9
                                                    Ira J. Levy (*pro hac vice* pending)
10                                                  Cindy Chang (*pro hac vice* pending)
                                                    **GOODWIN PROCTER LLP**
11                                                  The New York Times Building
                                                    620 8th Avenue
12                                                  New York, NY 10018
                                                    Tel.: +1 212 813 8800
13                                                  Fax: +1 212 355 3333

14                                                  *Attorneys for Plaintiff*
                                                    *CLEARPATH ROBOTICS, INC.*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

7

COMPLAINT FOR TRADEMARK INFRINGEMENT                    CASE NO. 3:16-CV-04891